## Commonwealth v. Gardner

*John E. Feather, Jr., assistant district attorney,* for the Commonwealth.
*Robert B. Keys,* for defendant Gardner.
*Michael J. Small.* for defendant Sholly.

GATES, *P.J.,* April 22, 1983. Both of the above-captioned defendants were separately charged with violations of the Controlled Substance, Drug, Device and Cosmetic Act of 1972, P.L. 233, §1, effective June 14, 1972, 35 P.S. §780-101 et seq. Both have filed motions to suppress evidence obtained by electronic surveillance. Additionally, defendant William Sholly had filed an omnibus pretrial motion not only to suppress the electronically obtained evidence, but to dismiss the information for violating defendant's constitutionally protected right of privacy.

By agreement the suppression motions were heard together before us on April 14, 1983.

At the hearing we learned that Pennsylvania Narcotics Agent Jeanne R. Berlin holds a class "A" certification to participate and utilize electronic surveillance having successfully completed the prescribed course of training as required by law.

Further, we learned that the Attorney General of Pennsylvania has delegated to Deputy Attorney General Andrew Kramer, pursuant to the provisions of section 5704(2)(ii) of the Act of November 22, 1978, P.L. 18 P.S. §5701 et seq., authority to approve the interception of communications under the provisions of the act.

On April 30, 1982, the Acting Regional Director for the Bureau of Narcotics and Drug Control of the Commonwealth of Pennsylvania submitted a written request for consensual investigations pursuant to section 5704(2) of the Wiretapping and Electronic Surveillance Control Act to the Director of the Bureau of Narcotics Investigation and Control.

On May 3, 1982, Deputy Attorney General Andrew B. Kramer filed a written memorandum of approval for Jeanne R. Berlin and other agents to intercept oral or wire conversations from May 3, 1982 through May 15, 1982. He also reviewed the memorandum of consent signed by Richard Lee Leedy dated May 3, 1982 in which Leedy consented to the interception of oral conversations which might occur on or about May 3, 1982 through May 15, 1982. Additionally, he personally interviewed Leedy and was satisfied that his consent to so act was freely and voluntarily given.

The facts received by the Bureau of Narcotics Investigation and Drug Control were relative to the proposed consensual interceptions involving Richard Leedy and seven named individuals, "and others."

Extension memorandums were obtained approving electronic surveillance from May 14 to May 24, 1982; May 25 through June 3, 1982 and June 4 through June 14, 1982.

Each extension was accompanied by a written memorandum of consent signed by Richard Leedy.

Thus, we initially find as a fact that Richard L. Leedy gave his consent freely, voluntarily and willingly without threats or coercion to intercept and record conversations with the named targets as well as others in the criminal investigation of drug trafficking in Lebanon and Dauphin County.

Defendants contend, however, that inasmuch as they are not specifically identified in the memorandum of approval or the extensions and consents, the Commonwealth has violated the provisions of the Wiretapping and Electronic Surveillance Control Act, supra, and the rights afforded them by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as Article 1, sections eight and nine of the Constitution of Pennsylvania.

On the other hand, the Commonwealth argues that they have meticulously complied with the provisions of the Wiretapping and Electronic Surveillance Control Act and that no protected constitutional rights of defendants have been violated.

Prior to the adoption of the Wiretapping and Electronic Surveillance Control Act in 1978 there was no Pennsylvania statutory proscriptions against intercepting communications and the issue was governed by the applicable portions of federal law. Commonwealth v. Donnelly, 233 Pa. Super. 396, 336 A.2d 632 (1975); Cf. U.S. ex rel. Mancini v. Rundle, 337 F.2d 268 (3d Cir. 1964). Further, addressing the alleged constitutional violation of the right of privacy by surreptitiously recording conversations without the use of a warrant and by the use of the intercepted communication against a nonconsenting party, the federal law found no violations of a constitutional dimension.

The seminal case of Lopez v. United States, 373 U.S. 427, 10 L.Ed2d 462, 83 S. Ct. 1381 (1963), is

enlightening. In Lopez, an Internal Revenue agent, in an attempt to obtain evidence of an attempted bribe, wire-recorded his conversation with Lopez by a device carried on the agent's person. In the instant case defendant's conversation · with Richard L. Leedy, a person acting at the direction of law enforcement agent Jeanne Berlin, wire recorded his conversation with defendants in connection with the sale and purchase of controlled substances. In Lopez, the United States Supreme Court held that the transcriptions of conversations, which had been electronically seized without a warrant, were constitutionally admissible to corroborate the direct testimony of the informer, who had been a party to the conversation and who had consented to the interception. This holding was explained by the court as follows:

"The court has in the past sustained instances of 'electronic eavesdropping' against constitutional challenge, when devices have been used to enable government agents to overhear conversations which would have been beyond the reach of the human ear. See, e.g., Olmstead v. United States, 277 U.S. 438, 72 L.Ed. 944, 48 S. Ct. 546; Goldman v. United States, 316 U.S. 129, 86 L.Ed. 1322, 62 S. Ct. 933. It has been insisted only that the electronic device not be planted by an unlawful physical invasion of a constitutionally protected area. Silverman v. United States, 365 U.S. 505, 5 L.Ed.2d 734, 81 S. Ct. 679. The validity of these decisions is not in question here. Indeed this case involves no 'eavesdropping' whatever in any proper sense of that term. The government did not use an electronic device to listen in on conversations it could not otherwise have heard. Instead, the device was used only to obtain the most reliable evidence possible of a conversation in which the government's own agent was a

participant and which that agent was fully entitled to disclose." 373 U.S. at 437.

Thus, it is evident that no federally protected constitutional right of these defendants has been violated. Surely a police agent may write down for official use his conversations with a defendant and testify about them without a warrant authorizing his encounters with defendant and without otherwise violating the latter's Fourth Amendment rights. For constitutional purposes, no different result is required if the agent, instead of immediately reporting and transcribing his conversation with a defendant, either by simultaneously recording them with electronic equipment which he is carrying on his person such as was done in this case, or even carries radio equipment which simultaneously transmits the conversation either to recording equipment located elsewhere or to other agents monitoring the transmitting frequency. Lopez, supra.; On Lee v. United States, 343 U.S. 747, 96 L.Ed. 1270, 72 S. Ct. 967, (1952). Consequently, if the conduct and revelations of an agent operating without electronic equipment do not invade defendants' constitutionally justifiable expectations of privacy, neither does a simultaneous recording of the same conversations made by the agent or by others from transmissions received from the agent to whom defendant is conversing and whose trustworthiness defendant necessarily risks. Commonwealth v. Donnelly, supra.

Defendants' analogy to the rigid requirements of probable cause for the issuance of a search warrant is misdirected. Simply put, an intercepted communication with a wired police agent is not a search. "A search is a probing or exploration for something that is concealed or hidden from the searcher; a seizure is a forcible or secretive dispossession of something

against the will of the possessor or owner." U.S. v. Haden, 397 F.2d 460, 465 (7th Cir. 1968).

Next we address defendants' contention that the intercepted communications were a result of violations of Pennsylvania's Wiretapping and Electronic Surveillance Control Act, Act of October 4, 1978, P.L. 831. We disagree.

The Wiretapping and Electronic Surveillance Control Act is cast in the general prohibition against the willful interception and disclosure of any wire or oral communications. However, section 2, as last amended December 23, 1981, P.L. 593, §2 (18 Pa.C.S. §5704) carves out exceptions in cases of consensual interceptions and in cases of nonconsensual interceptions; 18 Pa.C.S. §5708 et seq. The statutory requirements for a consensual interception are not as stringent as those of a nonconsensual interception.

The act specifically provides as follows:

"It shall not be unlawful under this chapter for:

• • •

"(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire or oral communication involving suspected criminal activities where:

• • •

"(ii) one of the parties to the communication has given prior consent to such interception. However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be made, has reviewed the facts and is satisfied that the consent is voluntary and has given prior approv-

al for the interception; however such interception shall be subject to the recording and record keeping requirements of section 5714(a) (relating to recording of intercepted communications) and that the Attorney General, deputy attorney general, district attorney or assistant district attorney authorizing the interception shall be the custodian of recorded evidence obtained therefrom." 18 Pa.C.S. §5704.

It is evident from the evidence produced at the suppression hearing that Jeanne Berlin, a law enforcement officer, requested Leedy to intercept oral communications in connection with illegal drug trafficking in Lebanon and Dauphin County. Leedy acted at all times under her direction. She testified, and we previously found as a fact, that Leedy consented and that his consent was voluntary. Nothing more is required by the act in cases involving consensual surveillance of suspected criminal activities.

Furthermore, we find that the Commonwealth has gone beyond the requirements of the act by reducing to writing a memorandum of approval of the investigation and the interception, because the act does not require any written approval or finding by the attorney general or his designee of probable cause. Nor does the fact that a written memorandum of approval and an extension in writing was made finding probable cause and designating Leedy to intercept communications with named defendants and others, without naming defendants in any way, taint the challenged intercepted communications. There is no requirement in consensual cases that the targets be identified or that probable cause to intercept a particular communication exist. All that is required is that the person who intercepts the communication acted consensually and that his consent was voluntary and that he acted under the

direction or request of an investigative law enforcement officer to intercept oral communications involving suspected criminal activities. The identities of the targets are not required.

It is evident that the deputy attorney general was being extra-cautious and was paralleling the requirements for a nonconsensual interception of oral communications. This is evident from the fact that the original memorandum of approval limited Leedy's activities from May 3 to May 13 of 1982. The extension of the memorandum of approval limited Leedy's activities from May 14 to May 24, 1982. The other two memorandums of approval extended Leedy's activities from May 25 to June 14, 1982. These extensions and limitations of time are unnecessary for there is no requirement that the consensual investigative activities be limited. Time limitations are imposed on nonconsensual intercepts but not on consensual ones.[1]

The act requires the order authorizing an interception to identify the target, if known,[2] but there is no requirement of target identity in the case of consensual interceptions.

Examining the Wiretapping and Electronic Surveillance Control Act as a whole, a pattern emerges. Nonconsensual interceptions of wire or oral communications are considered invasions of privacy and, therefore, to justify the activity more stringent requirements are detailed in the act. On the other hand, consensual interceptions such as are present in this case are not invasions of privacy and, therefore, the requirements are less stringent. We praise, not fault, the law enforcement officers in this case for going beyond the requirements of the act. What

1. 18 Pa.C.S. §5712(b).
2. 18 Pa.C.S. §5712(a)(2).

they have done renders our chore much easier. They have established probable cause for the investigation, they have identified some of the suspected targets, they have preserved in writing their activities in connection with obtaining the voluntary consent of Leedy to act as the designated "person acting" at their direction.

In conclusion, we find that the conduct of the law enforcement officers and of Richard Lee Leedy was constitutionally permissible and in no way in violation of Pennsylvania's Wiretapping and Electronic surveillance Control Act. Consequently, the recorded conversations Leedy had with Sholly and Gardner are admissible to corroborate the testimony of Richard Lee Leedy and are not suppressable.

## ORDER OF COURT

And now, April 22, 1983, defendants' motions are refused and dismissed.